UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KATINA HOWARD, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 3:19-cv-238 |
| GC SERVICES, LIMITED PARTNERSHIP, | ) ) ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KATINA HOWARD, by and through her attorneys, alleges the following against Defendant, GC SERVICES LIMITED PARTNERSHIP:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in Woodford, Caroline County, Commonwealth of Virginia.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

19. In or around July/August 2017, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff on her cellular telephone at xxx-xxx-9508 in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff looking for Plaintiff's ex-husband, Eric Howard.

22. The cellular telephone number xxx-xxx-9508 has never been associated with Eric Howard.

23. Since Defendant began calling Plaintiff, Plaintiff has answered at least one of Defendant's collection calls.

24. During the above-referenced collection call:

    a. Plaintiff informed Defendant's collector that she is no longer married to Eric Howard;

    b. That the Plaintiff's telephone number is not Eric Howard's telephone number; and

    c. Plaintiff requested that Defendant stop calling her.

25. Despite Plaintiff informing Defendant's collectors that they had the wrong number when calling Plaintiff for Eric Howard, and to stop calling Plaintiff, Defendant's collectors continued to call Plaintiff unabated.

26. In connection with the above-referenced collection calls, Defendant's collectors also left voicemail messages for Plaintiff.

27. The above-referenced voicemail messages failed to disclose that the calls were coming from GC Services Limited Partnership.

28. The above-referenced voicemail messages failed to disclose that the calls were coming

from a debt collector.

29. Defendant calls Plaintiff at an annoying or harassing rate—especially for a debt that she does not even owe.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(3) of the FDCPA by contacting Plaintiff more than once;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff informed Defendant that her ex-husband, Eric Howard could not be reached at her telephone number and requested that Defendant stop calling Plaintiff;

    c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place collection calls to Plaintiff after Plaintiff informed Defendant that her ex-husband, Eric Howard could not be reached at her telephone number and requested that Defendant stop calling Plaintiff;

    d. Defendant violated §1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors left voicemail messages for Plaintiff and failed to disclose that Defendant's collectors were calling from GC Services Limited Partnership;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff informing Defendant that her ex-husband, Eric Howard could not be reached at her telephone number and requesting that Defendant stop calling Plaintiff;

f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff informing Defendant that her ex-husband, Eric Howard could not be reached at her telephone number and requesting that Defendant stop calling Plaintiff;

g. Defendant violated § 1692e(11) of the FDCPA by its failure to disclose in its communications with the Plaintiff that it is attempting to collect a debt and that any information obtained will be used for that purpose when Defendant's collectors failed to make such disclosures when they left voicemail messages for Plaintiff; and

h. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiff, KATINA HOWARD, respectfully requests judgment be entered against GC SERVICES LIMITED PARTNERSHIP, for the following:

a. Statutory damages of $1,000.00 for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

April 4, 2019                By: /s/ Richard W. Ferris_____
                                  Richard W. Ferris, Esq.
                                  Virginia Bar Number 31812
                                  FERRIS WINDER, PLLC
                                  9327 Midlothian Turnpike
                                  Suite 1B
                                  Richmond, VA 23235
                                  Phone: (804) 767-1800
                                  Fax: (888) 251-6228
                                  rwferris@ferriswinder.com
                                  Attorney for Plaintiff